IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO. 3:04-330-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Terrence Daniels, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's motion for relief, filed in this court pursuant to 28 U.S.C. § 2255. Defendant raises several claims of ineffective assistance of counsel relating to the actions of both his trial and appellate counsel. The Government has moved for summary judgment as to all of Defendant's claims, and Defendant has responded in opposition to the Government's motion. This matter is, therefore, ripe for resolution. For the reasons stated below, the court **grants** the Government's motion for summary judgment and dismisses Defendant's § 2255 motion with prejudice.

Defendant was charged (together with several co-defendants) with: conspiracy to possess with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine powder, and 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B), all in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute 50 grams or more of cocaine base, 500 grams or more of cocaine powder, and 100 grams of heroin, quantities of marijuana and 3,4-methylenedioxymethamphetamine hydrochloride (MDMA or "Ecstacy") in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C) (Count Two); possession with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine powder, 100 grams or more of heroin, and aiding and abetting, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 18 U.S.C. § 2 (Count Three); possession with intent

to distribute 5 grams or more of cocaine base, 500 grams or more of cocaine powder, a quantity of heroin, and aiding and abetting, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count Five); possession with intent to distribute 5 grams of more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Six); being a felon in possession of stolen firearms in violation of 18 U.S.C. §§922(g)(1) and 924(e) (Count Seven); and using and carrying a firearm during and in relation to, and in furtherance of, a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Eight).

Defendant proceeded to trial before a jury beginning January 18, 2005. On January 21, 2005, the jury returned a guilty verdict as to all counts except Count Three. Defendant was sentenced to a term of life on each count except Count 8, which required a consecutive sixty month sentence. Defendant appealed his conviction and sentence to the Fourth Circuit Court of Appeals. Defendant's appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting there were no non-frivolous grounds for an appeal but raising three issues for the court's review. The Fourth Circuit Court of Appeals reviewed the entire record and affirmed Defendant's conviction and sentence, finding no meritorious issues for appeal. *United States v. Daniels,* 178 Fed. Appx. 189 (4th Cir. 2006). Defendant thereafter filed a petition for writ of certiorari in the United States Supreme Court on July 15, 2006, which was denied on November 8, 2006. Defendant then timely filed the current motion to vacate in this court.

Defendant's § 2255 motion raises several claims of ineffective assistance of counsel, both at the trial and appellate level. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. As determined by the Supreme Court in *Strickland*,

> [f]irst, [Petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [Petitioner] by the Sixth Amendment. Second, [Petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable. Unless [Petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687. The essence, therefore, of an ineffective assistance of counsel claim is that counsel's unprofessional error rendered the result of the trial suspect or unreliable. *Kimmelman v. Morrison*, 477 U.S. 365 (1986). Absent this adverse effect upon the reliability of the trial process, the Sixth Amendment right to assistance of counsel is generally not violated. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

To establish ineffective assistance of trial counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 689-91. A defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. Counsel's actions or decisions must be examined in the light of all surrounding circumstances at the time the decisions were made, not in the artificial light of hindsight. *See Lockhart*, 506 U.S. at 371-72. A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). As noted above, in addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissible for a lack of prejudice. *Id*. at 697.

Similarly, to prevail on a claim of ineffective assistance of appellate counsel, Defendant must show that the actions of appellate counsel were objectively unreasonable. *See id*. at 687-91. If Defendant succeeds in such a showing, he then must establish a reasonable probability that, but for his appellate counsel's unreasonable failures, he would have prevailed on his appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

**Ineffective Assistance of Trial Counsel**

Defendant raises several claims regarding the actions of trial counsel, namely, that trial counsel was ineffective in failing to challenge certain testimony and evidence during the presentation of the Government's case; in failing to object to certain allegedly defective jury instructions; in failing to object to alleged prosecutorial misconduct; in failing to tell Defendant that he had a constitutional right to testify on his own behalf; and in failing to request a supplemental jury instruction after the jury sent out one of its notes. Defendant contends that these alleged failings had a cumulative prejudicial effect on his case which led to his conviction. In his amendment to the § 2255 motion (Dkt. # 410, filed Jan. 2, 2008), Defendant also contends that counsel was ineffective in failing to object to the alleged multiplicity of Counts Five and Six and in failing to object to the court's jury charge relating to Count Eight.

Defendant's myriad arguments relating to the actions of his trial counsel fail for a variety of reasons. First, Defendant has not established this his counsel's actions fell below the standard of "reasonably effective assistance." Attorney James Shadd, III, has submitted an affidavit in support

of the Government's motion for summary judgement which provides an explanation refuting each of Defendant's assertions regarding his (Shadd's) actions. *See* Aff. of James Shadd, III (Dkt. 426-3, filed Feb. 11, 2008). Shadd's affidavit provides a reasoned basis for his challenged actions at trial, which this court is not at liberty to second-guess. Additionally, even if this court were to hold that counsel's actions somehow fell below the standard of "reasonably effective assistance," Defendant has not proffered sufficient argument or evidence (beyond his own conclusory statements and assertions) showing the alleged prejudicial effect of counsel's actions.

As to counsel's alleged failings regarding the jury charge in this matter, these claims are utterly without merit. Not only did the court's charge contain correct statements of the law in all respects, but the Fourth Circuit Court of Appeals implicitly validated the court's instruction when it reviewed Defendant's entire trial record pursuant to *Anders v. California* and found no meritorious issue for appeal. Along these same lines, Defendant's assertions regarding the stipulations to which he agreed and the Government's burden of proof (and the court's instruction regarding such) are meritless.

Defendant also contends that trial counsel's failure object to certain instances of prosecutorial misconduct resulted in counsel being constitutionally ineffective. The court rejects Defendant's arguments relating to counsel's actions in this regard. Assuming, for the sake of argument only, that this court erred in allowing a Government witness to testify regarding the contents of the statement of co-conspirator Tracey Pinkney Daniels, it was harmless error, as there was overwhelming evidence of Defendant's participation in, and indeed leadership of, the illicit drug distribution conspiracy covered by this indictment. Therefore, Defendant suffered no prejudice as a result of the introduction of this statement.

Defendant's contention relating to counsel's alleged failure to tell him of his right to testify, or not, is belied by the record of this matter. Not only did counsel discuss with Defendant his right to testify in this matter, but Defendant acknowledged such during the trial of this matter, and this court discussed with Defendant his rights in this regard. *See* Tn. at 2-3 (Dkt. # 426-7, filed Feb. 11, 2008). Therefore, this allegation is rejected.

Defendant contends trial counsel was ineffective because he (Defendant) requested that counsel request "an augmented unanimity instruction" after the jury sent out one of its notes. Defendant argues that the instruction was required because the jury had to find that Defendant not only formed a conspiracy with at least one other person, but that the jury had to unanimously agree on who that one other person was. There is no merit to Defendant's assertion in this regard, and Defendant's citation of *United States v. Richardson*, 526 U.S. 813 (1999), offers him no relief. *Richardson* was a case involving a charge under 21 U.S.C. § 848 (continuing criminal enterprise), not § 846 (conspiracy).

Defendant's amendment to his motion challenges counsel's actions relating to the alleged multiplicity of Counts 5 and 6, and counsel's failure to object to the court's instruction relating to Count 8. For the reasons stated by the Government, with which this court agrees, Defendant's grounds for relief contained in the amendment are rejected.

**Ineffective Assistance of Appellate Counsel**

Defendant raises nearly identical grounds for relief relating to the actions of appellate counsel as he did relating to the actions of trial counsel. As such grounds have been rejected by this court relating to trial counsel's actions, the court applies the same reasoning relating to the actions of appellate counsel. Even if Defendant were to somehow show that the actions of appellate counsel fell below the standard of "reasonably effective assistance," he has offered no evidence or argument that he would have prevailed on his appeal.[1]

Defendant's last contention is that he is actually innocent of the state court convictions which led to the enhancements of his federal sentence under 21 U.S.C.§ 851. Defendant seeks a stay in the court's resolution of this matter while he pursues state court relief. Defendant's motion is denied.. If Defendant is successful in attacking these state sentences, "he may then apply for reopening of any federal sentence enhanced by the state sentences." *Custis v. United States,* 511 U.S. 485, 497 (1994). The court expresses no opinion about the whether such an application would be successful.

**Conclusion**

For the reasons stated above, the Government's motion for summary judgment is **granted** and Defendant's § 2255 motion is **denied** with prejudice. Defendant's other motions are **denied**.

---

[1]The one difference in Defendant's argument as to the actions of appellate counsel relate to his alleged failure to challenge this court's ruling relating to certain members of the jury venire during jury selection, namely, Jurors numbered 89 and 18. Even if the court erred in its rulings relating to these jurors, a review of the record indicates that Juror 89 did not appear on the "short" list of jurors who could have conceivably served on Defendant's jury, and Juror 18 was excused from service on the jury because of a circumstance relating to her job. Therefore, Defendant's contention are without merit.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 1, 2008

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\04-330 Terrence Daniels e gr G sumjgm.wpd